IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00663 -RPM

Steve Stumbo,

Plaintiff,

v.

Ameristep Corporation

Defendant.

AND

Civil Action No. 05-CV-00664-RPM

Steve Stumbo,

Plaintiff,

v.

Eastman Outdoors, Inc.

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 18 2005

GREGORY C. LANGHAM
CLERK

## PROTECTIVE ORDER

By consent of the parties, as indicated in the signature blocks below, and pursuant to FED. R. Civ. P. 26(c);

IT IS HEREBY ORDERED THAT:

1. "Confidential Information" refers to information that constitutes, concerns or relates to either a trade secret, proprietary confidential business information, or any other information in the possession of the producing party which, if disclosed to the general public,

could result in injury to or the liability of the producing party. "Confidential-Attorneys' Eyes Only Information" refers to Confidential Information, the disclosure of which is likely to have the effect of causing competitive harm to the party from which the information was obtained or the disclosure of which would be violative of an obligation of confidentiality to a third person and/or the competitive position of such third party.

2. Any information produced at any time during the course of this litigation, either voluntarily, in response to discovery requests or subpoena, or pursuant to court order, whether in the form of testimony or in a writing or in graphic or pictorial image or electronically, which is asserted by the producing party to contain or constitute either Confidential Information or Confidential-Attorneys' Eyes Only Information (collectively, "Protected Information"), shall be designated by such producing party in writing, as follows:

(a) The producing party shall, with respect to Protected Information contained in deposition testimony, designate on the record at the time of the deposition the relevant portion of the deposition and whether such portion is being designated as Confidential-Attorneys' Eyes Only or as ordinary Confidential Information. If the deposition is being transcribed, the producing party may instead designate Protected Information contained therein by notifying the other party in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that contain Protected Information and whether each such portion is being designated as Confidential-Attorneys' Eyes Only or as ordinary Confidential Information. If such Protected Information is

contained in trial or other non-deposition testimony, the transcript may be designated as containing Confidential Information in accordance with this Order by notifying the other party in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain Confidential Information.

(b) The producing party shall, with respect to documents and other tangible things, clearly and prominently mark those portions containing Protected Information with either the legend: "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY-SUBJECT TO PROTECTIVE ORDER", as appropriate.

3. In the event that any Confidential Information or Confidential-Attorneys' Eyes Only Information is used in any court proceeding in this action or any appeal therefrom, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the court of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information *in camera*. No party who has received Confidential Information or Confidential-Attorneys' Eyes Only Information shall offer it into evidence, or otherwise tender it to the Court in any court proceeding, without first advising the Court and the Designating or Producing Party of its intent to do so. At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use of Confidential Information or

Confidential-Attorneys' Eyes Only Information in any court proceeding shall not prejudice in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

4.    In the absence of written permission from the producing party or further order of the Court, any Protected Information produced in accordance with this Order shall not be disclosed to any person other than to: (i) counsel for the parties to this litigation; (ii) a single representative of each party, who executes an agreement to be bound by this Order and provides it to the producing party prior to receiving such Protected Information; (iii) any experts retained by the parties and members of their staffs, so long as each executes an agreement to be bound by this Order and provides it to the producing party prior to receiving such Protected Information; (iv) qualified stenographer and/or videographer taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; and (v) the Court, including necessary personnel assisting the Court. Any Confidential–Attorneys' Eyes Only Information produced in accordance with this Order shall not be disclosed to any person other than those identified in categories (i), (iv) and (v) above. Confidential-Attorneys' Eyes Only Information may also be produced to experts retained by the parties and members of their staffs, subject to the provisions below so long as each executes an agreement to be bound by this Order and provides it to the producing party prior to receiving such Protected Information; and provided that the experts and their staff do not disclose such information to any person other than those individual identified in categories (i), (iv) or (v) above. In the event that Protected Information shall be disclosed or used at a deposition, attendance at a deposition shall be limited

4

to persons authorized to receive Protected Information pursuant to the provisions of this paragraph 4.

In the event a receiving party intends to produce Protected Information to an expert as provided above, no less than ten (10) days prior to the initial disclosure to a proposed expert (or any member of their staff) of any Protected Information, the party proposing to make such disclosure shall submit to the producing party in writing the name of such proposed expert or consultant, a copy of such proposed expert or consultant's curriculum vitae and the expert and his/her staff's agreement to be bound by this Order. If the producing party objects to the disclosure of such Protected Information to such proposed expert as inconsistent with the language or intent of this Order or for other good and sufficient cause, it shall notify the party proposing to use such expert in writing of its objection and the grounds therefore within ten (10) days. If the dispute is not resolved on an informal basis within ten (10) days of receipt of such notice of objections, the producing party shall submit immediately each objection to the Court for a ruling. The submission of such Protected Information to such proposed expert shall be withheld pending resolution of any objections or the ruling of the Court.

5. When filing any documents that contain information that has been designated Confidential Information or Confidential-Attorneys' Eyes Only Information, such documents shall be filed and served separately and in accordance with D.C.COLO.LCivR. 7.2 and 7.3 ("Local Rules"), the Electronic Case Filing ("ECF") Procedures, and the ECF User Manual for the United States District Court for the District of Colorado so that such documents are sealed from public view. All such materials so filed shall be released from confidential treatment only upon further order of the Court. Service of such Confidential Information or

Confidential-Attorneys' Eyes Only Information on all counsel for the named parties shall be in accordance with such Local Rules and EFC procedures, and be accompanied by a cover page or similar designation as provided under the Local Rules. All other documents not designated as Confidential Information or Confidential-Attorneys' Eyes Only Information shall be filed separately in accordance with such Local Rules and ECF procedures so that they are otherwise made publicly available.

6. All Protected Information produced in accordance with this Order shall be utilized solely for purposes of this litigation and any use for or in connection with research, development, manufacture, sales or marketing of any product or process will constitute a violation of
this Order and is expressly prohibited.

7. Within two weeks of the final termination of this litigation, counsel shall return to the producing party all items containing the producing party's Protected Information produced in accordance with this Order, including all copies of such matter which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party. All copies containing notes or other attorney's work product shall be destroyed. As an alternative to the return of all such Protected Information (excepting copies containing notes or attorney work product), the recipient may by letter certify to the producing party that all items containing such Protected Information have been destroyed. After the return or destruction of items containing Protected Information, the receiving party through counsel shall by letter certify that all items containing the producing party's Protected Information have been returned and/or destroyed, respectively. Receipt of all

6

material returned to the producing party shall be acknowledged in writing. Notwithstanding the preceding sentences of this paragraph, one complete set of pleadings may be retained by each party's counsel, but pleadings which contain Protected Information shall remain subject to the provisions of this Order.

8.	If any Protected Information is produced by a nonparty to this litigation, such a nonparty shall be considered a "producing party" within the meaning of that term as it is used in the context of this Order.

9.	A producing party may produce for inspection documents or things containing Protected Information that are not marked or designated in accordance with paragraph 2, and prior to supplying copies of documents and things requested by the inspecting party, may mark or designate such copies as containing Confidential Information in accordance with paragraph 2. In addition, the inadvertent failure to mark or designate documents and things as Confidential Information does not constitutes a waiver of subjecting such Confidential Information to this Protective Order so long as the producing party marks such information as "Confidential Information" as soon as such party has knowledge of the failure to mark such information and shall take all appropriate steps to prevent the Confidential Information from being disclosed to persons other than those identified in paragraph 4, including, if necessary, seeking a Court order to have such persons return all Protected Information and to prohibit any use or disclosure as set forth in this Protective Order. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver of confidentiality, privilege or other ground of immunity from discovery as to any other Protected Information.

10. Any receiving party who objects to a designation under this Order may request that the producing party explain the basis for the designation or remove the designation. If, after five business days have elapsed since the request the receiving party is not satisfied with the response (or lack thereof), the receiving party may file a motion with the Court seeking as relief the removal of the designation. The challenged designation shall be respected by all parties unless and until the Court orders the designation to be removed or changed.

11. The designation of the Confidential Information in accordance with this Order as constituting or containing trade secrets or proprietary confidential business information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any party that the designated material constitutes or contains any trade secret or confidential information in contemplation of law. Nothing in this Order shall be construed to affect the admissibility or relevancy of any material, nor the right of any party to challenge the admissibility or relevancy of any material.

12. Legible photocopies of documents and, where reasonably possible, things, may be used for all purposes in this action as against a claim that they are not the "originals", provided that the "original" document, in whatever form it shall be found in the files of a party, and the original things shall be made available for inspection upon request of either party on 10 days notice.

13. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product.

14.     This Order shall survive the final termination of this action with respect to any Protected Information.

ENTERED:

Dated: *Nov 18, 2005*

BY: U.S. DISTRICT COURT JUDGE

9